IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS J. DONEGAN, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Civil Action No. 10-706 |
| UNITED STATES POSTAL SERVICE, | ) ) ) | |
| Defendant. | ) | |

AMBROSE, Senior District Judge

**OPINION**
**and**
**ORDER OF COURT**

**SYNOPSIS**

Defendant, United States Postal Service ("USPS"), filed a Motion to Dismiss, or in the alternative, for Summary Judgment. (ECF No. 5). Plaintiff, Thomas Donegan, filed a Response to the same and the USPS filed a Reply Brief. (ECF Nos. 7, 8). After careful consideration of the same and for the reasons set forth below, said Motion (ECF No. 5) is granted.

**I.   BACKGROUND**

Plaintiff registered with the USPS to undergo an examination to determine Plaintiff's eligibility for hire as an "Electronic Technician, PS-11" with the USPS. The test was administered on June 11, 2008. Plaintiff did not pass the test and sought to see the test results as part of a Freedom of Information Act, 5 U.S.C. §552, ("FOIA") request. Plaintiff's FOIA request was denied. As a result, Plaintiff filed the instant "Complaint for Injunctive Relief" against the USPS for violation of the FOIA for wrongful withholding of agency records seeking the immediate release of the test, Plaintiff's results and the correct answers. (ECF No. 1).

The USPS has filed a Motion to Dismiss the Complaint arguing that the records were properly withheld pursuant to Exemptions 2, 3 and 5 of the FOIA. (ECF Nos. 5 and 6). Plaintiff has filed a Response and Defendant filed a Reply thereto. ((ECF Nos. 7 and 8). The issues are now ripe for review.

## II. LEGAL DISCUSSION

### A. Standard of Review[1]

Defendant filed its Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. When deciding whether to grant or deny a 12(b)(6) motion the Supreme Court has held:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief **requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.** Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atlantic Co. v. Twombly*, 550 U.S. 544, 555 (2007) (cites and footnote omitted)(emphasis added); *see also*, *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (a plaintiff's factual allegations must be enough to raise a right to relief above the speculative level).

Most recently, in *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009), the Supreme Court held, ". . . a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949 (citations omitted).

---

[1] The USPS requests that I rule on this matter as a Motion to Dismiss, but in the alternative, that I consider it as a Motion for Summary Judgment and submitted the Declaration of Sonya J. Penn and other documents for consideration. (ECF No. 6). I am considering the instant Motion as a Motion to Dismiss and decline to convert it to a motion for Summary Judgment. As a result, I will not be considering the information attached to the Brief.

In *Iqbal,* the Court specifically highlighted the two principles which formed the basis of the *Twombly* decision: First, for the purposes of a motion to dismiss, courts must accept as true all factual allegations set forth in the complaint, but courts are not bound to accept as true any legal conclusions couched as factual allegations. *Id.* at 1949-1950. *See also, Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009). Second, a complaint will only survive a motion to dismiss if it states a plausible claim for relief, which requires a court to engage in a context-specific task, drawing on the court's judicial experience and common sense. *Id.* at 1950. Where well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but has not shown – the complainant is entitled to relief. *Id., citing,* F.R.Civ.P. 8(a)(2).

**B.** **Exemptions under FOIA**

"Congress formulated a system of clearly defined exemptions to the FOIA's otherwise mandatory disclosure requirements. An agency must disclose agency records to any person under § 552(a), 'unless they may be withheld pursuant to one of the nine enumerated exemptions listed in § 552(b).'" *U.S. Dept. of Justice v. Tax Analysts,* 492 U.S. 136, 150-151 (1989), *quoting, Department of Justice v. Julian*, 486 U.S. 1, 8 (1988). "It follows from the exclusive nature of the § 552(b) exemption scheme that agency records which do not fall within one of the exemptions are 'improperly' withheld." *Id.* at 151. The agency withholding the documents bears the burden of justifying the withholding. *OSHA Data/CIH, Inc. v. U.S. Dept. of Labor*, 220 F.3d 153, 160 (3d Cir. 2000).

The USPS asserts that the documents were properly withheld pursuant to Exemptions 2, 3 and 5.[2] (ECF No. 6). In response, Plaintiff states as follows:

---

[2]Exemption 2 authorizes an agency to refuse a FOIA request when the materials sought relate solely to the internal personnel rules and practices of an agency. 5 U.S.C. §552(b)(2). Exemption 3 authorizes an agency to refuse a FOIA request when the materials sought are expressly exempted from disclosure by another statute. 5 U.S.C. §552(b)(3). Exemption 5 authorizes an agency to refuse a FOIA request when the materials sought are inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency. 5 U.S.C. §552(b)(5).

3

> 4. The Defendant has provided to this Honorable Court a Brief with supporting law that in essence tells this court that the information requested does not have to be provided to the Plaintiff because it is specifically exempted as a personnel record, is exempted specifically by statute and is specifically exempted as privilege information.
>
> 5. In candor to this tribunal, Plaintiff does not through counsel dispute that the law cited by the Defendant is appropriately provided to the court….

(ECF No. 7, ¶¶4-5). In essence, therefore, Plaintiff does not dispute that the documents were properly withheld pursuant to the Exemptions. I agree. *See, Kaganove v. E.P.A.,* 856 F.2d 884 (7th Cir. 1988)(rating plan of EPA was held exempt under FOIA because it would allow future applicants to embellish job qualifications); *Patton v. FBI,* 626 F.Supp. 445 (M.D. Pa. 1985)(holding testing material falls within §552(b)(2) FOIA exemption); *Robinett v. U.S.P.S.,* No. Civ. A. 02-1094, 2002 WL 1728582 (E.D. La. July 24, 2002)(information concerning criteria that postal service used to evaluate job applications was exempt from disclosure under the Postal Reorganization Act and therefore falls within Exemption 3); *Lewis v. E.P.A.,* Civ. A. No. 06-2660, 2006 WL 3227787, *4 (E.D. Pa. 2006)(holding documents designed to assist in employee election process fall within Exemption 5 of FOIA). As a result, I find that the USPS properly withheld the documents pursuant to Exemption 2, 3 and 5.

Nevertheless, Plaintiff attempts to concoct a "scenario" to circumvent said exemptions. (ECF No. 7). Plaintiff states that he "does dispute that the cited law [by the USPS] totally preclude[s] the Plaintiff's right to seek a review of the test given and answers made to it by the Plaintiff." *Id.* at ¶5. To that end, Plaintiff suggests that he be permitted to review the documents *in camera*, with an appropriate court officer, "with no capability of the Plaintiff to copy or otherwise reproduce the very information he requested." *Id.* at ¶6. This, Plaintiff believes, would provide him with "his day in court" while still preserving the USPS's testing protocols without the fear of compromise. *Id.* at ¶7. Plaintiff cites no law for this "scenario" and I find no support in the law for it either. Permitting a review of the documents visually is, in essence, the same result as producing the document in hard copy.

Consequently, I find that dismissal is warranted. *See, U.S. Dept. of Justice v. Tax Analysts*, 492 U.S. 136, 142 (1989), *citing Kissinger v. Reporters Comm.*, 445 U.S. 136, 150 (1980)(holding that federal courts only have jurisdiction over a FOIA request when plaintiff shows that an agency improperly withheld agency records).

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS J. DONEGAN,<br><br>    Plaintiff,<br><br>vs.<br><br>UNITED STATES POSTAL SERVICE,<br><br>    Defendant. | Civil Action No. 10-706 |

AMBROSE, Senior District Judge

## ORDER OF COURT

AND now, this 2nd day of March, 2011, after careful consideration of Defendant's Motion to Dismiss (ECF No. [5]), it is ordered that said Motion (ECF No. [5]) is granted.

The case shall be marked closed.

                                        BY THE COURT:

                                        s/ Donetta W. Ambrose
                                          Donetta W. Ambrose
                                          United States Senior District Judge